IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIS KEVIN BAIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   24 CV 13162 |
| | ) | |
| JESSE REYES, | ) | Judge Andrea R. Wood |
| | ) | Mag. Judge Gabriel A. Fuentes |
| Defendant. | ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Jesus Reyes, informally captioned as "Jesse Reyes," by and through his undersigned attorney, pursuant to Fed.R.Civ.P. ("Rule") 12(b)(6), moves to dismiss with prejudice the Complaint filed by *pro se* Plaintiff Willis Kevin Baird for failure to state a claim.  In support, Defendant states:

**INTRODUCTION**

Plaintiff complains that Defendant defamed him by referring to him as a "pedo," and that this alleged defamation has caused him damage including emotional distress.  But truth is an absolute defense to a claim of defamation, and Plaintiff had in fact been convicted of Aggravated Criminal Sexual Abuse of a 15-year old, and is presently listed on the Illinois State Police website as a Lifetime Registrant Child Sex Offender.  As Plaintiff's Complaint alleges nothing more than a truthful statement by Defendant, it must be dismissed.

**ARGUMENT**

**I.     The Alleged Defamatory Statement is True, and Thus Not Actionable.**

Plaintiff alleges that "Defendant Reyes wrote 'if anyone sees this fucking pedo with my kid and baby momma, let me know immediately,'" and alleges that such a statement "labeling Plaintiff a pedophile is false and defamatory." (Complaint [Doc. 1] at Count 1, ¶¶ 2-3)  But as Plaintiff had in fact been convicted of Aggravated Criminal Sexual Abuse of a 15-year old, and is presently listed on the Illinois State Police website as a Lifetime Registrant Child Sex Offender, the alleged statement is demonstrably true and thus not actionable.  While falsely accusing someone of being a pedophile can be actionable as defamation as it imputes the commission of a crime, *see, e.g., Hadley v. Doe*, 2015 IL 118000, ¶¶ 35-42, under Illinois law, "truth is an absolute defense to defamation, and only the 'substantial truth' is required for this defense." *Andrews v. At World Properties, LLC*, 2023 IL App (1st) 220950, ¶ 16, citing *Seitz-Partridge v. Loyola University of Chicago,* 2013 IL App (1st) 113409, ¶ 21.

**A.     Factual Background**

Though Plaintiff avoids mentioning it in his Complaint, he was convicted of five (5) counts of Aggravated Criminal Sexual Abuse of a 15-year old in 1999 in Lake County, IL case no. 99 CF 928.  *See* the 23-page Certified Disposition in that case attached hereto as **Exhibit A**[1], noting the jury's 7/14/99 guilty verdict on

---

[1]     The Lake County Circuit Court Clerk's (the "Clerk") seal is shown on p. 1.  A copy of the Clerk's red certification stamp, affixed to the reverse of p. 23, follows immediately thereafter.

2

Counts 1-5 on p. 12 of 23, and Plaintiff's 8/27/99 original sentencing on pp. 13-14 of 23. Counts 1-5 against Plaintiff in that case, charging Aggravated Criminal Sexual Abuse in violation of 720 ILCS 5/12-16(d)[2], are set forth in the Grand Jury's 4/14/99 Indictment, a certified copy of which is attached hereto as **Exhibit B**[3].

Plaintiff's 8/27/99 original sentencing referenced above is set forth in detail in the Order and Certificate of Felony Probation ("Probation Order") entered separately that day, a certified copy of which is attached hereto as **Exhibit C**[4]. The Probation Order sentenced Plaintiff to, *inter alia*, 100 days in custody (with a credit of 44 days for time served), followed by 36 months of probation, including registration as a sex offender per statute, and supervision by the sex offender unit. Subsequently, it appears that Plaintiff was additionally convicted of Home Invasion and Aggravated Battery in Lake County case no. 99 CF 3081[5], and as a result on 6/29/00 his probation was revoked (*see* **Exhibit A** at p. 19 of 23), and he was sentenced to an additional 3 years of incarceration (with 193 days credit for time

---

[2] Now codified at 720 ILCS 5/11-1.60(d), this section reads: "A person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim."

[3] A copy of the Clerk's red certification stamp, affixed to the reverse of the last page of the Indictment, follows immediately thereafter.

[4] A copy of the Clerk's red certification stamp, affixed to the reverse of the second page of the Probation Order, follows immediately thereafter.

[5] Copies of the Certified Disposition, Criminal Complaints and Indictment in this case (with Clerk's seal and red certification stamp copies) are attached hereto as **Group Exhibit D**.

served) in the original Aggravated Criminal Sexual Abuse case no. 99 CF 928. <u>See</u> Judgment and Sentence, a certified copy of which is attached hereto as **Exhibit E[6].**

And Plaintiff is indeed currently designated on the Illinois State Police website as a Lifetime Registrant Child Sex Offender. <u>See</u> printout of https://isp.illinois.gov/Sor/Details/X99B2224 (last accessed 1/26/25), attached hereto as **Exhibit F**, noting that Plaintiff was 27 years old and his victim was 15 years old at the time of the offense. Illinois law defines "child sex offender" as a person who has been convicted of, *inter alia*, aggravated criminal sexual abuse when the victim is under 18 years of age at the time of the offense. 720 ILCS 5/11-9.3(d)(1), (2).

### B. The Court May Take Judicial Notice of Plaintiff's Child Sex Offender Conviction and Registration on a 12(b)(6) Motion.

The Seventh Circuit has held that "'[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (citation omitted). Thereafter, courts sitting in this district have routinely held that "court documents regarding [a] criminal conviction constitute public records" which may be considered in ruling on a motion to dismiss. *McAtee v. City of Chicago,* 2018 WL 704690 *2 (N.D. Ill. 2018); <u>see also</u> *Luster v. Turner*, 2011 1002975 *2 (N.D. Ill. 2011) ("The court may take judicial notice of public records, such as criminal complaints, in deciding a motion to dismiss under Fed.R.Civ.P.

---

[6] A copy of the Clerk's red certification stamp, affixed to the reverse of the second page of the Judgment and Sentence, follows immediately thereafter.

12(b)(6)"); *Williams v. Martinez*, 2023 WL 6141494 *2 n. 4 (N.D. Ill. 2023) (citing *Luster*).

Thus, the Court may consider Plaintiff's child sex offender conviction and registration in deciding this Rule 12(b)(6) Motion to Dismiss.

### C. Plaintiff Unquestionably Fits the Definition of a Pedophile.

In light of his conviction and registration as a child sex offender, there is no question that Plaintiff is in fact a pedophile under the commonly understood definition of the term. The online Britannica Dictionary defines pedophile as "a person who has a sexual interest in children." (https://www.britannica.com/dictionary/pedophile) Dictionary.com defines pedophile as "an adult who is sexually attracted to young children." (https://www.dictionary.com/browse/pedophile) And the online American Heritage Dictionary defines pedophilia as "the deriving of sexual gratification from sexual fantasies or acts involving a child." (https://ahdictionary.com/word/search.html?q=pedophilia) Thus, it cannot be seriously disputed that Plaintiff fits the definition of a pedophile.

Moreover, in recognizing that a defamation plaintiff convicted of sex crimes involving minors fits the definition of a pedophile, a district court sitting in D.C. noted that "'[i]f the gist or 'sting' of the statement is substantially true, 'minor inaccuracies will not give rise to a defamation claim,'" and held that "whether plaintiff technically qualifies as a pedophile for (psychiatric) diagnostic purposes is irrelevant." *Copeland-Jackson v. Oslin*, 555 F. Supp. 2d 213, 217 n. 5 (D.D.C. 2008)

5

(citations omitted) (granting Rule 12(b)(6) motion to dismiss claim that convicted sex offender was defamed by being referred to in a newspaper article as a pedophile). This holding is in keeping with Illinois law which, as noted above at p. 2, requires only "substantial truth" for the absolute defense of truth to a defamation claim. See *Andrews*, 2023 IL App (1st) 220950, ¶ 16; *Seitz-Partridge,* 2013 IL App (1st) 113409, ¶ 21.

As Plaintiff unquestionably fits the definition of a pedophile, his Complaint Count 1, sounding in defamation, must be dismissed.

## II. As Plaintiff's Count 1 Defamation Claim Fails, So Does His Count 2 Claim for Intentional Infliction of Emotional Distress ("IIED").

Plaintiff's one-paragraph, conclusory Count 2 IIED claim surely cannot meet even relaxed notice pleading standards, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Yet though Plaintiff does not affirmatively incorporate his Count 1 defamation allegations into his Count 2 IIED claim, he makes clear that he bases it on the alleged Facebook posting labeling him a pedophile. (Complaint [Doc. 1] at Count 2, ¶ 6) Thus, as Plaintiff clearly signals that his IIED claim is derivative of his deficient defamation claim, Count 2 must be also dismissed as a matter of law for this substantive reason, in addition to its facial pleading deficiencies.

As this Court recognized in *Kibbons v. Taft School District 90,* 563 F. Supp. 3d 798, 813 (N.D. Ill. 2021):

6

> ... To state a claim for IIED under Illinois law, a plaintiff must allege that "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Cangemi v. Advocate S. Suburban Hosp.*, 364 Ill.App.3d 446, 300 Ill.Dec. 903, 845 N.E.2d 792, 813 (2006) (citation and internal quotation marks omitted). A plaintiff must allege distress that "is so severe that no reasonable [person] could be expected to endure it." *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill.Dec. 724, 533 N.E.2d 806, 809 (1988) (citation and internal quotation marks omitted). .... The tort does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (citation and internal quotation marks omitted). Instead, "the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community." *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278 Ill.Dec. 228, 798 N.E.2d 75, 80–81 (Ill. 2003). ....

Defendant submits that as a matter of law, it cannot be considered "extreme and outrageous" conduct to publish truthful public record information about a convicted sex offender, and Plaintiff has certainly pled no facts indicating otherwise. Indeed,

> ... [w]hether conduct is extreme and outrageous is evaluated on an objective standard based on all of the facts and circumstances. *McGrath*, 126 Ill.2d at 90, 127 Ill.Dec. 724, 533 N.E.2d 806. Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions or trivialities" (*Public Finance Corp. v. Davis*, 66 Ill.2d 85, 89–90, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976)), and the infliction of such emotional distress as fright, horror, grief, shame, humiliation and worry is not sufficient to give rise to a cause of action (*Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill.App.3d 30, 38, 225 Ill.Dec. 944, 684 N.E.2d 935 (1997)).

*Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 25 (affirming dismissal of claims for defamation and intentional infliction of emotional distress). As Plaintiff has alleged no conduct by Defendant beyond a posting truthfully labeling Plaintiff a pedophile, he has not met Illinois case law standards for alleging extreme and outrageous conduct.

7

Moreover, allegations that merely constitute or are derivative of a deficient defamation claim may not themselves establish an independent tort. *See Jacobson v. CBS Broadcasting, Inc.*, 2014 IL App (1st) 132480, ¶ 54 (affirming summary judgment for CBS, held that: "In light of the fact that the plaintiff's actions for defamation, false light, and invasion of privacy have been rejected, those actions can no longer serve as a basis for her claim[] of intentional infliction of emotional distress .... Instead, she must plead and prove the elements of [that] tort[] independently of any alleged defamatory conduct by CBS or any conduct amounting merely to an invasion of her privacy.") (citations omitted); *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 393 (2008) (affirming circuit court's dismissal of complaint, held that: "If, as defendants contend, the content of the ad is protected by the first amendment, the ad not only cannot serve as the predicate for plaintiff's defamation claims, it cannot serve as the basis for their 'false light,' commercial disparagement, or Consumer Fraud Act claims.") (citations omitted).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, Defendant Jesus Reyes, informally captioned as "Jesse Reyes," prays that Plaintiff Wills Kevin Baird's Complaint be dismissed with prejudice, and for all other relief to which Defendant may be entitled.

                                                  Respectfully submitted,

                                                  JESUS REYES, informally captioned as "JESSE REYES"

Dated:      1/27/25                           By */s/ William B. Kohn*
                                                            His Attorney

William B. Kohn (ARDC No. 6196142)
LAW OFFICES OF WILLIAM B. KOHN
364 Iris Lane
Highland Park, Illinois 60035
312-553-1200
kohn@wbkohnlaw.com

## CERTIFICATE OF SERVICE

      William B. Kohn, attorney for Defendant Jesus Reyes, informally captioned as "Jesse Reyes," certifies that on January 27, 2025, he caused a copy of the foregoing Motion to Dismiss to be served upon Plaintiff by filing same through the Court's CM/ECF system and/or by PDF email attachment to the email address Plaintiff listed on his Appearance: kevinwillisb@yahoo.com.

                                                 */s/ William B. Kohn*
                                                 Attorney for Defendant