**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIS KEVIN BAIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-13162 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JESSE REYES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion to dismiss for failure to state a claim [8] is granted and Plaintiff's motion to strike prior conviction [18] is denied as moot. Plaintiff's complaint is dismissed with prejudice. No further status date will be set. The Clerk is directed to enter Judgment in favor of Defendant. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Defendant Jesus Reyes[1] made a post on Facebook in which he referred to Plaintiff Willis Kevin Baird as a "pedo." Because Baird claims that the post was false and defamatory, he brought the present lawsuit against Reyes asserting claims of defamation and intentional infliction of emotional distress ("IIED"). Now, Reyes moves to dismiss Baird's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) For the reasons that follow, Reyes's motion is granted.

**I.**

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to Baird as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Baird's three-page handwritten complaint is light on factual details but alleges that, on February 14, 2024, Reyes posted on his Facebook page an image of Baird with the text: "If anyone sees this fucking pedo with my kid and baby momma, let me know immediately." (Compl. ¶¶ 1–2, Dkt. No. 1.) Baird alleges that Reyes's post labeling him as a pedophile was false and defamatory, and caused

---

[1] Although the complaint and case caption identify the defendant as "Jesse Reyes," Reyes's motion to dismiss clarifies that his legal name is Jesus Reyes.

him severe emotional distress. (*Id.* ¶¶ 3–6.) He therefore brought the present action *pro se*, asserting claims of defamation and IIED.[2]

## II.

Reyes argues that Baird's complaint must be dismissed in full because the allegedly defamatory statement is true and the IIED claim is contingent on an insufficient defamation claim. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Where, as here, the plaintiff is proceeding *pro se*, the Court construes the complaint more liberally than one prepared by a lawyer. *Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996).

## A.

Baird contends that the statement that he is a "pedo"—slang for pedophile—is defamatory *per se*. In Illinois, a "statement is considered defamatory if it tends to cause such harm to the reputation of another that it lowers the person in the eyes of the community or deters third persons from associating with [him]." *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996). To state a defamation claim, a plaintiff must allege that the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damage. *Krasinski v. United Parcel Serv., Inc.*, 530 N.E.2d 468, 471 (Ill. 1988). Certain statements, however, are considered defamatory *per se* because they are so obviously and materially harmful to the plaintiff that the injury to reputation may be presumed without proof of actual damage. *Bryson*, 672 N.E.2d at 1214. The accusation of being a pedophile is defamatory *per se* because the statement fits into the category of "words that impute the commission of a criminal offense." *Hadley v. Doe*, 34 N.E.3d 549, 553, 558 (Ill. 2015) (agreeing that the alleged statement comparing the plaintiff to a prominent person accused of sexually abusing minors was defamatory *per se* because it imputed the commission of a crime to the plaintiff).

Reyes contends that Baird cannot state a defamation claim since his statement is true. In Illinois, truth is an absolute defense to a defamation claim. *Nelson v. Bd. of Educ., Country Club Hills Sch. Dist. 160*, 292 F. Supp. 3d 792, 800 (N.D. Ill. 2017) (citing *Hnilica v. Rizza Chevrolet, Inc.*, 893 N.E.2d 928, 931 (Ill. App. Ct. 2008)). Even if the statement is not literally true in every detail, so long as it is "substantially true," the truth defense applies and defeats a defamation claim. *Lemons v. Chron. Publ'g Co.*, 625 N.E.2d 789, 791 (Ill. App. Ct. 1993). While substantial

---

[2] The Court has diversity jurisdiction over Baird's state-law claims under 28 U.S.C. § 1332(a). Complete diversity exists as Baird is a citizen of Wisconsin and Reyes is a citizen of Illinois, and Baird requests damages of $91,000, which exceeds the $75,000 amount-in-controversy threshold.

truth is normally a question for the jury, where no reasonable jury could find that substantial truth had not been established, the question is one of law. *Hollymatic Corp. v. Daniels Food Equip., Inc.*, 39 F. Supp. 2d 1115, 1118 (N.D. Ill. 1999).

To demonstrate the truth of the alleged defamatory statement, Reyes points to Baird's 1999 conviction for Aggravated Criminal Sexual Abuse in violation of 720 ILCS 5/11-1.60(d),[3] and his resulting lifetime registration as a child sex offender on Illinois's sex offender database. (Def.'s Mot. to Dismiss, Exs. A, F, Dkt. Nos. 8-1, 8-6.)[4] That conviction stemmed from Baird's sexual relationship with a 15-year-old girl when he was 27 years old. (Def.'s Mot. to Dismiss, Ex. F.) Reyes asserts that these facts demonstrate that his statement aligns with the commonly understood meaning of "pedophile," namely, "an adult who is sexually attracted to young children." *Pedophile*, Dictionary.com, https://www.dictionary.com/browse/pedophile (last visited July 31, 2025).

In assessing the substantial truth of an allegedly defamatory statement, the relevant inquiry is whether the "gist" or "sting" of the statement is true. *Harrison v. Chi. Sun-Times, Inc.*, 793 N.E.2d 760, 766 (Ill. App. Ct. 2003). "[I]f the gist of a defamatory statement is true, if in other words the statement is substantially true, error in detail is not actionable." *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993). Here, the Court finds that the facts surrounding his conviction reveal that Baird, as an adult, had a sexual relationship with a minor, and such conduct is commonly associated with the term pedophile. As Baird himself acknowledges, his conviction for Aggravated Criminal Sexual Abuse arose from his year-and-a-half sexual relationship with a 15-year-old girl when he was 27 years old. (Pl.'s Opp'n at 3, Dkt. No. 12.)[5] As a result of that conviction, he is classified under Illinois law as a "child sex offender." 720 ILCS 5/11-9.3(d)(1)(i), (2)(ii) (defining "child sex offender" to include any adult convicted of Aggravated Criminal Sexual Abuse where the victim was under 18 and the defendant was at least five years older). Accordingly, Baird is required to register as a sex offender in Illinois. And the public registry on which Baird is listed is labeled "Child Sex Offender Information." (Def.'s Mot. to Dismiss, Ex. F.) Finally, Reyes's post referring to Baird as a "pedo" was commenting on and included a screenshot of that registration. (Pl.'s Opp'n, Ex. 5, Dkt. No. 12.) Viewing all these facts together, the Court concludes that the "gist" or "sting" of Reyes's use of a slang term for pedophile was substantially true.

---

[3] At the time of Baird's conviction, the relevant Aggravated Criminal Sexual Abuse statute was codified at 720 ILCS 5/12-16(d).

[4] The Court may take judicial notice of court records, including state court convictions, when ruling on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Thayer v. Chiczewski,* No. 07 C 1290, 2007 WL 3447931, at *1 (N.D. Ill. Nov. 13, 2007).

[5] In his opposition brief, Baird introduces a number of matters outside the pleadings. But because all the information newly introduced in the opposition brief is consistent with the complaint, the Court considers that information in connection with the motion to dismiss. *E.g.*, *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved . . . would entitle him to judgment.").

Baird disputes the substantial truth of Reyes's "pedo" accusation, arguing that he had only a single relationship with a minor teenager who he mistakenly believed to be over the age of 18. Essentially, Baird claims that the specific circumstances underlying his conviction establish that he does not meet the criteria of a pedophile—*i.e.*, an adult with an inherent attraction to children. However, substantial truth in this case does not demand that Baird exactly match the clinical or technical definition of the term. *Copeland-Jackson v. Oslin*, 555 F. Supp. 2d 213, 217 n.5 (D.D.C. 2008) (explaining that so long as the "gist" of the "defendants' characterization is accurate, whether plaintiff technically qualifies as a pedophile for diagnostic purposes is irrelevant"). It is enough that the public would generally understand the term to refer broadly to adults who engage in sexual conduct with minors, with "minor" not limited to just prepubescent children but encompassing anybody under 18 years old. *See id.* (finding that the plaintiff's conviction arising from his sexual conduct with two boys aged 13 and 14 supported the substantial truth of the defendant's description of that plaintiff as a "pedophile"); *see also Anderson v. Cramlet*, 789 F.2d 840, 844 (10th Cir. 1986) (holding that the term "kidnapping" was substantially true based on the common understanding of the conduct, not its legal definition); *Hovey v. Iowa State Daily Publ'n Bd., Inc.*, 372 N.W.2d 253, 255 (Iowa 1985) (explaining that "technical errors in legal terminology and reports of matters involving violation of the law" do not defeat a substantial truth defense). Nor does Baird's subjective but mistaken belief regarding the minor's age change the nature of the conduct established by his conviction or the fact that, based on that conviction alone, Illinois law classifies him as a "child sex offender."

Ultimately, Reyes's use of the word "pedo" reflected Baird's Aggravated Criminal Sexual Abuse conviction and his lifetime registration as a "child sex offender." And Reyes used the word in a post that included a screenshot of Baird's child-sex-offender registration. Those judicially noticeable facts establish the substantial truth of Reyes's statement. For that reason, Baird's defamation claim is dismissed. Further, the Court concludes that allowing Baird leave to amend would be futile. Given that Baird admits the pertinent facts surrounding his conviction and child-sex-offender registration, he cannot state a viable claim for defamation based on Reyes's substantially true Facebook post. Thus, the defamation claim is dismissed with prejudice.

**B.**

Baird's claim for IIED is derivative of his defamation claim, as it is based solely on Reyes's Facebook post. To state an IIED claim, a plaintiff must allege conduct so extreme and outrageous "as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003). Baird alleges no conduct beyond Reyes's Facebook post itself, which the Court has already found to be substantially true. Because the Court has determined that Reyes's statement is not actionable as defamation, the IIED claim necessarily fails as well. *See Jacobson v. CBS Broad., Inc.*, 19 N.E.3d 1165, 1182 (Ill. App. Ct. 2014) ("In light of the fact that the plaintiff's action[] for defamation . . . ha[s] been rejected, [that] action[] can no longer serve as a basis for her claim[] of [IIED] . . . ."). Without additional facts suggesting independently outrageous behavior, the complaint fails to meet the high bar for IIED, and the IIED claim is dismissed with prejudice as well.

**III.**

Finally, after Reyes's motion to dismiss was fully briefed, Baird filed a motion to strike references to another prior criminal conviction in Reyes's briefs. (Dkt. No. 18.) In particular, Reyes's opening and reply briefs both mention that Baird was convicted of home invasion in a proceeding subsequent to and separate from his Aggravated Criminal Sexual Abuse conviction. Baird moves to strike the references to that home invasion conviction, arguing that it is immaterial to the issues in this case and prejudicial. Because the references to Baird's home invasion conviction played no role in the Court's ruling and the case has now been dismissed with prejudice, striking those references serves no practical purpose. The Court therefore denies Baird's motion to strike as moot.

**IV.**

For the foregoing reasons, Reyes's motion to dismiss (Dkt. No. 8) is granted and Baird's complaint is dismissed with prejudice.

Dated: August 26, 2025

Andrea R. Wood
United States District Judge

5